NEWMAN, Circuit Judge, dissenting. It is time to remedy our inconsistent treatment of the procedures and burdens in applying .the evidentiary factors of obviousness, despite the clarifying precedent in Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). The Court in Graham resolved prior inconsistencies and established what was seen as a wiser standard of obviousness. The Court established the factual premises and fixed the placement of the burdens. It is time to restore this salutary rigor. In Graham, the Court discussed. the four factual premises of obviousness[1] and explored the interaction among these-factors, explaining that each may affect the weight of the others. The Court also clarified its own precedent, which had separated the objective considerations from the other factual criteria. See Great Atl. & Pac. Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 153, 71 S.Ct. 127, 95 L.Ed. 162 (1950) (“[Cjommercial success without invention will not make patentability.”); Jungersen v. Ostby & Barton Co., 335 U.S. 560, 567, 69 S.Ct. 269, 93 L.Ed. 235 (1949) (patent invalid despite “considerable commercial success”); Cuno Eng’g Corp. v. Automatic Devices Corp., 314 U.S. 84, 91, 62 S.Ct. 37, 86 L.Ed. 58 (1941) (replacing “flash of creative genius” standard with the Graham factors). The Graham Court recognized that the objective indicia are “more susceptible of judicial treatment than are the highly technical facts often present in patent litigation” and such indicia “may lend a helping hand to the judiciary.” 383 U.S. at 35-36, 86 S.Ct. 684. Contemporaneous scholarship explained that “[t]he expressed relevance of the ‘secondary considerations’ in the determination of nonobviousness and the impact of their application in Adams was in striking contrast to the Court’s prior standards for the determination of ‘invention.’ ” Herbert Mintz & Charles L. O’Rourke, After Black Rock: New Tests of Patentability—The Old Tests of Invention, 39 Geo. Wash. L. Rev. 123, 142 (1970). Many Federal Circuit cases have recognized and correctly applied the Graham factors; e.g., Apple Inc. v. Samsung Electronics Co., 839 F.3d 1034, 1048 (Fed. Cir. 2016) (en banc) (“A determination of whether a patent claim is invalid as obvious under § 103 requires consideration of all four Graham factors, and it is error to reach a conclusion of obviousness until all those factors are considered.”); In re Cyclobenzaprine Hydrochloride, 676 F.3d 1063, 1077 (Fed. Cir. 2012) (“[A] fact finder must consider all evidence of obviousness and nonobviousness before reaching a determination.”); and Leo Pharmaceutical Products, Ltd. v. Rea, 726 F.3d 1346, 1357-58 (Fed. Cir. 2013) (“Whether before the Board or a court, this court has emphasized that consideration of the objective indicia is part of the whole obviousness analysis, not just an afterthought.”). The Court’s analysis was reconfirmed in KSR International Co. v. Teleflex Inc., 550 U.S. 398, 399, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007) (listing the four Graham factors and stating “[wjhile the sequence of these questions might be reordered in any particular case, the factors define the controlling inquiry”). However, some Federal Circuit decisions appear to have sought a shortcut, and converted three of the four Graham factors into a self-standing “prima facie” case, whereby the objective considerations must achieve rebuttal weight. This path of analysis was followed by the district court herein, finding that Hospira “made a pri-ma facie showing” based solely on the prior art. Merck Sharp & Dohme Corp. v. Hospira Inc., No. CV 14-915-RGA, 2016 WL 5872620, at *19-21 (D. Del. July 10, 2016). The district court stated that “[wjhile the copying and commercial evidence supports the argument for nonobvi-ousness, ‘secondary considerations of non-obviousness ... simply cannot overcome a strong prima facie case of obviousness.’ ” Id. at *21 (citing Wyers v. Master Lock Co., 616 F.3d 1231, 1246 (Fed. Cir. 2010)). Thus, the district court weighed that evidence against the conclusion that the order and detail of the steps would have been discovered by routine experimentation, and placed the obligation of achieving rebuttal weight on the fourth Graham factor. However, as the Court established, it is incorrect to consign the objective evidence to rebuttal against the other three Graham factors. Merck is correct that the question is not whether the evidence of copying and commercial success “could not overcome the weight of the competing evidence of obviousness of the claimed pro-' cess.” Maj. Op. at 731. The question is whether the entirety of the evidence relating to the Merck process, including the evidence of copying and commercial success, establish obviousness. The analysis whereby less than the full factual record is consulted for the “prima facie case,” with one of the four Graham factors shifted to rebuttal, distorts the placement and the burden of proof. Merck correctly points out that “the district court either accorded insufficient weight or failed to acknowledge” the objective indicia of nonobviousness. Merck Reply Br. at 17. The objective indicia of nonobviousness play a critical role in the obviousness analysis. They are “not just a cumulative or confirmatory part of the obviousness calculus but constitutes independent evidence of nonobviousness.” Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc., 520 F.3d 1358, 1365 (Fed. Cir. 2008). Indeed, objective indicia “may often be the most probative and cogent evidence in the record” and are “to be considered as part of all the evidence, not just when the deci-sionmaker remains in doubt after reviewing the art.” Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1538-39 (Fed. Cir. 1983). The Federal Circuit has strayed, leading the district courts into error. Illustration is seen in the case now at bench; and also, for example, in Cubist Pharmaceuticals, Inc. v. Hospira, Inc., 805 F.3d 1112, 1130 (Fed. Cir. 2015) (“We sustain the district court’s determination that the secondary consideration evidence did not overcome the showing of obviousness based on the prior art.”); Novo Nordisk A/S v. Caraco Pharmaceutical Laboratories, Ltd., 719 F.3d 1346, 1353 (Fed. Cir. 2013) (“In this case, the court found that Caraco’s prima facie evidence, if unrebutted, would be sufficient to establish that the repagli-nide/metformin combination was obvious to try.... Having so found, it was entirely appropriate for the court to next consider whether Novo’s countervailing secondary consideration evidence of unexpected synergy (i.e., its ‘attempt to prove unexpected results’) was sufficient to ‘overcome’ Cara-co’s prima facie case.”); Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC, 683 F.3d 1356, 1364 (Fed. Cir. 2012) (“[T]he district court properly discounted the evidence of commercial success as a secondary consideration rebutting Cadbury’s showing that the claimed invention would have been obvious.”). Also, Otsuka Pharmaceutical Co. v. Sandoz, Inc., 678 F.3d 1280, 1296 (Fed. Cir. 2012) (“Because we agree with the district court that the Defendants failed to prove that claim 12 of the ’528 patent would have been prima facie obvious over the asserted prior art compounds, we need not address the court’s findings regarding objective evidence of nonobviousness.”); Tokai Corp. v. Easton Enterprises, Inc., 632 F.3d 1358, 1370 (Fed. Cir. 2011) (“[E]ven assuming the existence of a nexus, we see no error in the district court’s determination that Tokai failed to establish ‘that any of these secondary factors are significant’ ... in light of the strong showing of prima facie obviousness.”); Wyers, 616 F.3d at 1246 (Fed. Cir. 2010) (“[Secondary considerations of nonobviousness— considered here by the district court— simply cannot overcome a strong prima facie case of obviousness.”); Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1327 (Fed. Cir. 2008) (“Under the foregoing analysis, we conclude that [defendant] has clearly and convincingly established a pri-ma facie case that claims 1 and 31 of the ’099 patent are obvious as a matter of law. Accordingly, we turn to [plaintiffs] attempt to rebut this prima facie case with secondary considerations of nonobviousness.”); Aventis Pharma Deutschland GmbH v. Lupin, Ltd., 499 F.3d 1293, 1302 (Fed. Cir. 2007) (“Aventis has thus failed to show unexpected results that would tend to rebut a prima facie case of obviousness.”); Ormco Corp. v. Align Tech., Inc., 463 F.3d 1299, 1311 (Fed. Cir. 2006) (“A nonmovant may rebut a prima facie showing of obviousness with objective indicia of nonobviousness.”). It is time to restore conformity to precedent, in the interest of stability of practice and procedure, and predictability and fairness of result, I would reestablish the proper analytic criteria under the four Graham factors, and would remand to the district court to apply the correct law. . The four Graham factors are: (1) the scope and content of the prior art; (2) the differences between the claimed invention and the prior art; (3) the level of ordinary skill in the field of the invention; and (4) objective ("secondary”) considerations such as commercial success, failure of others, and long-felt need.